**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOHN ZUDER,** : | |
| Plaintiff : | **CIVIL ACTION NO. 3:05-1398** |
| v. : | **(MANNION, M.J.)** |
| **FRANCIS AIGELDINGER, et al.,** : | |
| Defendants : | |

## MEMORANDUM AND ORDER

Pending before the court is the defendants' motion for summary judgment. (Doc. No. 32.) Upon consideration, the defendants' motion will be granted.

**I.   PROCEDURAL HISTORY**

The plaintiff commenced this civil rights action pursuant to 42 U.S.C. § 1983 by filing a complaint against the defendants on July 12, 2005. (Doc. No. 1). The parties consented to proceed before the undersigned, which was so ordered on September 22, 2005. (Doc. No. 14). On March 7, 2007, the defendants filed the instant motion for summary judgment, (Doc. No. 32). A statement of material facts, (Doc. No. 33), and a supporting brief, (Doc. No. 34), were filed on March 21, 2007. On May 18, 2007, the plaintiff filed a brief in opposition to the motion for summary judgment, (Doc. No. 38), as well as a statement of material facts, (Doc. No. 39). On May 29, 2007, the defendants filed a motion to supplement the record. (Doc. No. 43). On June

14, 2007, they filed their supporting brief. (Doc. No. 44). This court granted the motion to supplement the record on June 19, 2007. (Doc. No. 45).

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A factual dispute is genuine if a reasonable jury could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Aetna Casualty & Sur. Co. v. Ericksen, 903 F. Supp. 836, 838 (M.D. Pa. 1995). At the summary judgment stage, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249 ; see also Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (a court may not weigh the evidence or make credibility determinations). Rather, the court must consider all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. Andreoli v. Gates, 482 F.3d 641, 647

(3d Cir. 2007).

To prevail on summary judgment, the moving party must affirmatively identify those portions of the record which demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323-24. The moving party can discharge the burden by showing that "on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." In re Bressman, 327 F.3d 229, 238 (3d Cir. 2003); see also Celotex, 477 U.S. at 325. If the moving party meets this initial burden, the non-moving party must do more than raise some metaphysical doubt as to material facts, but must show sufficient evidence to support a jury verdict in its favor. Boyle v. County of Allegheny, 139 F.3d 386, 393 (3d Cir. 1998). However, if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to [the non-movant's] case, and on which [the non-movant] will bear the burden of proof at trial," Rule 56 mandates the entry of summary judgment because such a failure "necessarily renders all other facts immaterial." Celotex Corp., 477 U.S. at 322-23; Jakimas v. Hoffman La Roche, Inc., 485 F.3d 770, 777 (3d Cir. 2007).

## III.  DISCUSSION

In his complaint the plaintiff alleges that on July 25, 2003 the defendants, all members of the Pennsylvania State Police, violated his civil and constitutional rights when they used excessive and unreasonable force against him after arrest . (Doc. No. 1).  Specifically, the plaintiff alleges that while he was in custody, the defendants repeatedly hit, kicked, and threw him against barrack walls in violation of the First, Fourth, and Fourteenth Amendments to the United States Constitution.  (Id. ¶¶ 16, 23-25).  He also alleges that the defendants deprived him of due process when they took, but never returned, $800 from his person. (Id. ¶¶ 18, 27-29).  Finally, the plaintiff alleges that the defendants conspired to deprive him of these rights, and as a result, the plaintiff has suffered substantial injury.  (Id. ¶¶ 31-32).  Based upon the foregoing, the plaintiff [hereinafter also referred to as Zuder] seeks the return of his $800, together with unspecified damages, punitive damages plus interest, and attorneys' fees and costs.  (Id. pp.7-8).

Notwithstanding these claims, in May 2004 a jury convicted Zuder of aggravated assault, simple assault, reckless endangerment, resisting arrest, and disorderly conduct arising out of the same circumstances.  (Id. ¶ 19; Doc.

No. 33 Ex. B pp. 144-45).[1]  And in a related perjury case in January 2007, Zuder was convicted of perjury and making false statements under oath during his 2004 criminal trial.  (Doc. No. 33 Ex. D p.5).  The question before the jury at the perjury trial was whether Zuder

> made a false statement about being assaulted by the state troopers and having a gun pointed at his head by Trooper Dropinski; two, that the false statements were made under oath; three, that the false statement[s] [were] made during an official proceeding; . . . fourth, that Mr. Zuder knew his statements were false at the time they were made; fifth, that the false statements were material to the proceeding during which they were made.

(Doc. No. 43-3 p. 123).  At the conclusion of the trial, the jury found him guilty beyond a reasonable doubt of both offenses.  (Id. p. 134).

According to the defendants' statement of material facts and the plaintiff's responses thereto, the following facts are undisputed:  On July 25, 2003, Zuder was driving and the defendant Trooper Curto signaled him to pull over, which he did.  (Doc. No. 33 ¶ 1).  An altercation between Zuder and Trooper Curto ensued.  (Id. ¶ 2).  Trooper Curto arrested Zuder and took him to the state police barracks at Fern Ridge, Pennsylvania.  (Id. ¶ 3). At the barracks, another altercation between Zuder, Trooper Curto, and other

---

[1] The jury also found Zuder not guilty of driving under the influence. (Doc. No. 33 Ex. B pp. 144-45).

5

defendant troopers ensued. (Id. ¶ 4). Zuder was subsequently charged with aggravated assault and driving under the influence. (Id. ¶ 5). At the trial, troopers testified as to Zuder's uncooperative, violent behavior at the barracks, (Id. ¶¶ 7-10), and Zuder testified to the contrary, (Id. ¶ 11). The jury returned a verdict of guilty for the five offenses mentioned above. (Id. ¶ 12). In addition, Zuder was later convicted for falsely testifying at his first trial. (Id. ¶ 14).

In the instant motion for summary judgment, the defendants principally argue that the plaintiff should be collaterally estopped from bringing this civil suit. Collateral estoppel, also referred to as issue preclusion, prevents parties from relitigating the same issue of fact or law "when a court of competent jurisdiction has already adjudicated the issue on its merits, and a final judgment has been entered as to those parties and their privies." Witkowski v. Welch, 173 F.3d 192, 198 (3d Cir. 1999) (internal citation omitted). The doctrine of collateral estoppel establishes that "a losing litigant deserves no rematch after a defeat fairly suffered, in adversarial proceedings, on an issue identical in substance to the one he subsequently seeks to raise." Astoria Fed. Sav. & Loan Ass'n v. Solimino, 501 U.S. 104, 107 (1991); Dici v. Pennsylvania, 91 F.3d 542, 547 (3d Cir. 1996). The reliance upon prior adjudication also serves to reduce the cost of multiple lawsuits, promote judicial consistency,

6

and conserve judicial resources. Dici, 91 F.3d at 547 (citing Allen v. McCurry, 449 U.S. 90, 94 (1980)).

Under the Federal Full Faith and Credit Act, "[a]cts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States . . . ." 28 U.S.C. § 1738 (2006); see also Dici, 91 F.3d at 547; Laughman v. Pennsylvania, No. 05-1033, 2007 U.S. Dist. LEXIS 60079, at *30 (M.D. Pa. Aug. 16, 2007). Therefore, this court must look to Pennsylvania state law with regard to collateral estoppel. In Pennsylvania, collateral estoppel is appropriately invoked if:

> (1) the issue decided in the prior adjudication was identical with the one presented in the later action, (2) there was a final judgment on the merits, (3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication, and (4) the party against whom it is asserted has had a full and fair opportunity to litigate the issue in question in a prior action.

Laughman, at *31; Shaffer v. Smith, 543 Pa. 526, 529, 673 A.2d 872, 874 (1996); Clark v. Troutman, 509 Pa. 336, 340, 502 A.2d 137, 139 (1985) (adopting the definition of issue preclusion in the Restatement (Second) of Judgments § 27 (1982)).

A final judgment includes any prior adjudication of an issue in another

7

action that is sufficiently firm to be accorded conclusive effect. Greenway Ctr., Inc., v. Essex Ins. Co., 475 F.3d 139, 147-48 (3d Cir. 2007) (internal citations omitted). A criminal conviction is clearly included within this rule. Shaffer, 543 Pa. at 529 ("It is well established that a criminal conviction collaterally estops a defendant from denying his acts in a subsequent civil trial); Columbia Med. Group, Inc. v. Herring & Roll, P.C., 2003 PA Super. 272, 829 A.2d 1184 (Pa. Super. 2003) (ruling that appellants' criminal convictions barred them from reasserting an identical issue in a later civil action). As the Superior Court of Pennsylvania aptly stated, "We are of the opinion that when one is convicted of a felony and subsequently attempts to benefit from the commission, the record of his guilt should be a bar to his recovery." Mineo v. Eureka Security Fire & Marine Ins. Co., 182 PA Super. 75, 86, 125 A.2d 612, 618 (1956).

The defendants maintain that Zuder's conviction, beyond a reasonable doubt, satisfies the four criteria for collateral estoppel, which thereby extinguishes any genuine issue of material fact in this case. (Doc. No. 34 p.8). First, the defendants argue that the factual issue at the perjury trial and the factual issue in the case at bar are identical: whether the plaintiff's allegations that the troopers used excessive force on the night of his arrest are true. (Id. pp. 6-7; Doc. No. 33 ¶¶ 16-17). The plaintiff contests this assertion, stating that "the defendants have not adduced sufficient evidence that the facts

8

established by that conviction actually are the same facts which he must prove in order to prevail in this matter." (Doc. No. 38, p.2). In reviewing the record, however, this court finds the plaintiff's argument unavailing. A jury finding that Zuder committed perjury and made false statements that he was assaulted by the state troopers is perfectly identical to the claims brought in this civil case–that the state troopers violated Zuder's civil and constitutional rights when they physically assaulted him at the state police barracks.

The second and third requirements for collateral estoppel are easily met; the criminal conviction was a final judgment on the merits and Zuder was a party in the prior adjudication. (Doc. No. 34 p.8). And fourth, the defendants argue that Zuder had a full and fair opportunity to litigate this issue at his perjury trial. Id. They point out that the standard of proof beyond a reasonable doubt is much higher than the preponderance of the evidence standard in the present civil action. Id. This court agrees. Perjury is a felony under Pennsylvania law, which carries a minimum of 18 months of incarceration, 49 Pa. Cons. Stat. 18 § 4902 (2006), and Zuder was "presented with more than ample opportunity to overcome the charges lodged against him while he was swathed in a cloak of presumed innocence." Hurtt v. Stirone, 416 Pa. 493, 499, 206 A.2d 624, 626 (1965). Nonetheless, the defendants proved beyond

a reasonable doubt that Zuder was guilty.

This court concludes that the doctrine of collateral estoppel applies to Zuder's claims in this action. Zuder's case was presented to a jury of his peers upon the same facts which are now urged as the basis for the defendants state troopers' civil liability. Zuder should not now be heard to deny that which was established by his prior criminal conviction without proof that his conviction was procured by fraud. In accord with the Pennsylvania Supreme Court's reasoning in Hurtt, this court finds no valid reasons why Zuder should be given a second chance with another jury when he failed to instill reasonable doubt in the minds of the first jury. See id. Upon viewing all of the evidence in the light most favorable to the plaintiff, no genuine issue of material fact remains and no reasonable jury could find for the plaintiff. In re Bressman, 327 F.3d 229, 238 (3d Cir. 2003); see also Celotex, 477 U.S. at 325. Summary judgment for the defendants is therefore appropriate.[2]

---

[2] With respect to the plaintiff's claim that the defendants unlawfully seized $800, such taking of personal property does not rise to the level of a violation of the Fourth Amendment. Even accepting the facts alleged as true, the evidence presented concerns an inventory search incident to a custodial arrest, which is a reasonable exercise of police authority. Illinois v. Lafayette, 462 U.S. 640, 648 (1983) ("[W]e hold that it is not 'unreasonable' for police, as part of the routine procedure incident to incarcerating an arrested person, to search any container or article in his possession, in accordance with established inventory procedures."); United States v. Edwards, 415 U.S. 800, 807 (1974) (stating that "[O]nce the accused is lawfully arrested and is in custody, the effects in his possession at the place of detention that were

**IV.   CONCLUSION**

In light of the foregoing, **IT IS HEREBY ORDERED THAT** the defendants' motion for summary judgment, **(Doc. No. 32)**, is **GRANTED**, the case is **DISMISSED** and the Clerk of Court is directed to close the file.

s/ *Malachy E. Mannion*

**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date:** August 30, 2007
O:\shared\MEMORANDUMS\2005 MEMORANDUMS\05-1398.01.wpd

---

subject to search at the time and place of his arrest may lawfully be searched and seized without a warrant."). Accord, Parkhurst v. Trapp, 77 F.3d 707,711 (3d Cir. 1996); United States v. Himmelreich, No. CR-05-214, 2006 U.S. Dist. LEXIS 40092, at *18-19 (M.D. Pa. June 16, 2006).

11